# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TONY ALLEN COOLEY,**

    **Plaintiff,**

    v.                                **CASE NO. 22-3169-JWL-JPO**

**DOUGLAS COUNTY SHERIFF'S DEPARTMENT., et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Toney Allen Cooley is a state prisoner currently housed at Osawatomie State Hospital in Osawatomie, Kansas. He filed this § 1983 action against the Douglas County Sheriff's Department, some of its employees, and some employees of the Douglas County Jail, alleging that they violated his constitutional rights while he was incarcerated at the Douglas County Jail.

The Court examined the complaint and attachments and found no showing of imminent danger of serious physical injury. Thus, the Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis* (IFP) because Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court also granted Plaintiff until September 16, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, p. 3.) That deadline has now passed and Plaintiff has failed to pay the full $402.00 filing fee. Petitioner has filed two motions to supplement his complaint (Docs. 5 and 6), which the Court has reviewed, but neither motion alleges facts that show Plaintiff is in imminent danger of serious physical injury, as needed to proceed IFP. Therefore, Plaintiff must pay the filing fee in full before proceeding in this matter. *See* 28 U.S.C. § 1915(g).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed without Plaintiff doing so. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with a court order. Because the Court dismisses this action, the pending motions to supplement the complaint (Doc. 5 and 6) will be denied as moot.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b). The motions to supplement the complaint (Docs. 5 and 6) are **denied as moot**.

**IT IS SO ORDERED**.

**Dated on this 23rd day of September, 2022, in Kansas City, Kansas.**

                                      **s/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **United States District Judge**